[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #116
The following facts are taken from the plaintiffs complaint and the plaintiffs exhibits A, B and C. The defendant does not submit evidence that disputes these facts. On February 8, 1989, the defendant, George McGovern, signed a promissory note in his capacity as president of Stratford Inn Associates Limited Partnership ("Stratford Inn Associates"), payable on demand to Citytrust. (Exhibit A). To secure the promissory note, on February 8, 1989, the defendant signed a document entitled "Guaranty" in which he guaranteed punctual repayment. (Exhibit B). On August 9, 1991, the Commissioner of Banking for the state of Connecticut declared Citytrust insolvent, and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for Citytrust. (Complaint, ¶ 6). Diversified Coolidge Equities, L.P. purchased the note from the FDIC. (Complaint, ¶ 7) On June 6, 1997, Diversified Coolidge. L.P. assigned its interest to Bosque Asset Corp., the current plaintiff. (Exhibit C).
On April 15, 1997, this cause of action was commenced by service of summons and complaint on the defendant. The defendant has filed a motion for summary judgment on the ground that the undisputed facts entitle him to judgment as a matter of law. Specifically, the defendant argues that the plaintiffs complaint is barred by the statute of limitations on written contracts provided in General Statutes § 52-576. The plaintiff opposes the motion, arguing that the extended period of limitations under12 U.S.C. § 1821(d)(14), the "Financial Institutions Reform, Recovery and Enforcement Act" applies to its claim.
The defendant argues that the plaintiffs claim is governed by the six year statute of limitations provided in General Statutes § 52-576. The plaintiff argues that because the plaintiff is a CT Page 11241 successor in interest to the FDIC, it is entitled to the extended statute of limitations period provided in12 U.S.C. § 1821(d)(14).
A recent Connecticut appellate court case has held that where the assignor is the FDIC, the assignee may take advantage of the statute of limitations provided in 12 U.S.C. § 1821(d)(14), because under the common law an assignee stands in the shoes of the assignor. National Loan Investors v. Heritage Square Assoc.,54 Conn. App. 67, 76, ___ A.2d ___ (1999).[1] Accordingly, the plaintiff in this case, as a successor in interest to the FDIC, is governed by the statute of limitations provided in12 U.S.C. § 1821(d)(14).
Section 1821(d)(14) provides in relevant part that "[n]otwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be . . . the longer of (I) the 6-year period beginning on the date the claim accrues; or (II) the period applicable under state law . . . [T]he date on which the statute of limitations begins to run on any claim described . . . shall be the later of(i) the date of the appointment of the Corporation as conservator or receiver; or (ii) the date on which the cause of action accrues."12 U.S.C. § 1821(d)(14)(A) and (B). Here, the FDIC was appointed as receiver on August 9, 1991. The claim was filed on April 15, 1997. The claim. therefore, is timely because it was filed within six years of the FDIC's appointment as receiver.
For the foregoing reasons, the defendant's motion for summary judgment is denied.
NADEAU, J.